## No. 2690.—SUCCESSION OF AMANDA HATCHER.

In a suit of opposition to the administrator's account by the heirs, the names of the heirs must be set forth in the petition.

The authorization of the wife to appear in court, as a party to the suit, must be shown otherwise than by her own averment or that of her attorney, 21 An. 576; therefore, the appeal will be dismissed on motion, if the original petition of opposition to the administrator's account shows that the petitioners, who were married women, have been legally authorized to institute and prosecute neither the suit nor the appeal.

The capacity of a party who appears in court as the representative of another, must be alleged, but it need not be proved unless specially denied.

Therefore, when the petition of opposition to the administrator's account only shows as to one of the opponents, that he was a minor, without averring or designating his tutor or tutrix by name, it is defective, and under this averment the opponent can neither prosecute the suit nor the appeal.

APPEAL from the Parish Court of East Feliciana. *Boedecker,* Parish Judge. *D. J. Wedge* and *J. W. Burgess,* for opponents and appellants. *McVea & Hunter,* for administrator and appellee.

WYLY, J. The motion to dismiss this appeal for want of proper parties must prevail.

It was a suit of opposition to the administrator's account, in which suit the names of the petitioners are not mentioned. It begins as follows: "Succession of A. M. Hatcher. In this matter now come all the heirs of A. M. Hatcher, deceased, as set forth in their original petition herein, and specially oppose each and every item of credits claimed by the administrator in his final account on file," etc.

We find in the record no original petition of all the heirs as averred. There appears, however, the petition for inventory of Eliza Hatcher, herself a married woman, not shown therein to be authorized by her husband. In this petition she mentions the heirs of the deceased.

They all appear to be married women, but one, whose name is not given, and who is described as the minor son of Samuel Hatcher represented by Susan Hatcher.

If this be the original petition to which the opponents refer to show their names, it is quite evident that there is a want of authority for the married women to appear and institute the suit.   There is no averment of authorization, and no authorization shown.

It has often been held that the authorization of the husband for his wife to appear in court must be shown otherwise than by her averment or that of her attorney.   Succession of Pomeroy, 21 An. 576, and authorities cited.   As to the heir whose name was not mentioned, but who was described in this petition of Eliza Hatcher for inventory, as the minor son of Samuel Hatcher, represented by Susan Hatcher, we think he is not properly in court.   The name of Susan Hatcher, as tutrix of the minor, does not appear in the petition, nor does it appear in any other paper of the record to which reference was made.

We think the capacity of a party, appearing as a fiduciary, should be at least averred; it need not be proved unless specially denied.

The appeal was granted on motion, and there is nothing to show the authority of the appellants either to institute the suit or prosecute the appeal.

Let the appeal be dismissed at appellants' costs.